UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUENTIN CARPENTER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Hon. Paul L. Maloney

Case No. 1:19-cv-282

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of social security appeals, the undersigned recommends that the Commissioner's decision be **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making a

decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided substantial evidence supports them. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla but less than a preponderance. *See Cohen v. Sec'y of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff filed protective applications for DIB and SSI on April 12, 2016, alleging that he had been disabled since March 9, 2016, due to blurry vision, an inability to walk, fatigue, and pain in his arms and legs. (PageID.85–86.) Plaintiff was 37 years old on the alleged onset date.

(PageID.85.) Plaintiff had previous employment as an industrial cleaner, a cabinet maker, and a laser wood cutter. (PageID.61.) Plaintiff requested a hearing by an Administrative Law Judge (ALJ) after his applications were denied. (PageID.126–30.) On March 19, 2018, ALJ Kevin Himebaugh held a hearing on Plaintiff's claim, at which Plaintiff and an impartial vocational expert testified. (PageID.54–83.) On June 21, 2018, the ALJ issued a decision finding that Plaintiff was not disabled between March 9, 2016, and the date of the decision. (PageID.41–49.) The Appeals Council denied Plaintiff's request for review on February 22, 2019. (PageID.23–27.) The ALJ's decision thus became the Commissioner's final decision. 20 C.F.R. §§ 416.1455, 416.1481. Plaintiff initiated this civil action for judicial review on April 12, 2019.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§

---

[1] 1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

3

404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform her previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his RFC is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

Initially, the ALJ found that Plaintiff was insured under the Act through March 30, 2022, and had not engaged in substantial gainful activity since the alleged onset date. (PageID.43.) At the second step, the ALJ determined that Plaintiff suffered from the following severe impairments: (1) multiple sclerosis; and (2) degenerative disc disease of the cervical spine. (PageID.43.) Although Plaintiff alleged that he suffered from migraine headaches, the ALJ found that Plaintiff's headaches occurred only occasionally and were not severe because they imposed no more than minimal limitation on Plaintiff's ability to work. (PageID.44.) The ALJ also found that Plaintiff did not have a medically determinable impairment of depression because no acceptable medical source had diagnosed Plaintiff with that condition. (*Id.*) At the third step, the ALJ determined that Plaintiff did not have an impairment that, when considered alone or in combination with other

impairments, met or equaled the requirements of an impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (*Id.*)

With respect to Plaintiff's RFC, the ALJ determined that Plaintiff retained the capacity to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a),

> except for occasional pushing and pulling with both upper and lower extremities; occasional climbing ramps and stairs, but no climbing ladders or scaffolds; occasional balancing, stooping, kneeling, and crouching; no crawling; frequent reaching, handling, fingering, and feeling; no exposure to unprotected heights, wetness, moving mechanical parts, or vibration; occasional exposure to extreme cold; exposure to no more than moderate noise; can read ordinary newspaper or book print, but not smaller than 12-point font; would be required to change from sitting to standing, and standing to sitting on demand, but without leaving the work station, would require unscheduled breaks in addition to normal breaks, and his changing positions and unscheduled breaks would result in being off task no more than 10 percent of the time.

(*Id.*)

Based on his RFC finding and the vocational expert's testimony, the ALJ concluded that Plaintiff could not perform his past relevant work.  (PageID.47–48.)  However, at the fifth step, the ALJ found that, based on testimony from the vocational expert, approximately 180,000 jobs existed in the national economy that an individual of Plaintiff's age and with his education, work experience, and RFC could perform.  (PageID.48–49.)  This represents a significant number of jobs.  *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## DISCUSSION

Plaintiff raises a single issue in his appeal:  whether substantial evidence supports the ALJ's finding that Plaintiff's migraines and headaches were non-severe impairments.  (ECF No. 10 at PageID.447.)  On this issue, the ALJ wrote:

5

> The claimant also alleged suffering from migraines (Ex 4F/36). Although he presented to the emergency department (ED) on several occasions for reported headaches, there were few neurological findings on these occasions and they improved with only brief treatment in the ED (Ex 4F/39; 6F/23 and 28). The record also showed the headaches only occurred occasionally. The evidence does not support a finding that his headaches were manifest to such degree or frequency that they caused more than minimal limitation in his ability to perform basic work activities.

(PageID.44.)

A "severe impairment" is defined as an impairment or combination of impairments that "significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); *see also* 20 C.F.R. § 416.922(a). An impairment is considered non-severe "only if the impairment is a 'slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience.'" *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir. 1985) (quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)).

Upon determining that a claimant has one severe impairment the ALJ must continue with the remaining steps in the disability evaluation. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). Once the ALJ determines that a claimant suffers from a severe impairment, the fact that the ALJ failed to classify a separate condition as a severe impairment does not constitute reversible error. *Maziarz*, 837 F.2d at 244. As the Sixth Circuit explained more recently:

> Though the ALJ concluded that Hedges did not have any severe mental-health impairments, the ALJ did find that Hedges suffered from four severe physical impairments. And once an ALJ finds that a claimant has at least one severe impairment at step two of the disability analysis, the ALJ must then "consider the limiting effects of *all* [the claimant's] impairment(s), even those that are not severe" in evaluating the claimant's ability to work in step four. 20 C.F.R. § 404.1545(e) (emphasis added). That is what the ALJ did here. So whether the ALJ characterized Hedges' mental-health impairments as severe or non-severe at step two is "legally irrelevant" and does not amount to error.

6

*Hedges v. Comm'r of Soc. Sec.*, 725 F. App'x 394, 395 (6th Cir. 2018) (quoting *Anthony v. Astrue*, 266 F. App'x 451, 457 (6th Cir. 2008)). Here, at step two, the ALJ found that Plaintiff's multiple sclerosis and degenerative disc disease of the cervical spine were severe impairments. Thus, as explained in *Hedges*, it was "legally irrelevant" that the ALJ did not find that Plaintiff's migraines and headaches were severe impairments, as the ALJ was required to consider the limiting effects of all Plaintiff's impairments, both severe and non-severe, in formulating Plaintiff's RFC. *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013).

In the concluding paragraph of his brief, Plaintiff argues, tersely, that even if Plaintiff's headaches and migraines were not severe, the ALJ failed to properly follow SSR 96-8 by evaluating the impact Plaintiff's headaches and migraines had on his ability to perform basic work activities. While the ALJ did not expressly mention Plaintiff's migraines/headaches in his RFC analysis, he did note that in accordance with 20 C.F.R. §§ 404.1529 and 416.929 and SSR16-3p, he considered all of Plaintiff's symptoms and the extent to which they were consistent with the objective medical evidence and other evidence, and found no basis for migraine/headache-related limitations. (PageID.44.)

This conclusion was supported by ample evidence in the record that Plaintiff's migraines/headaches did not limit Plaintiff's ability to perform basic work activities. First, as the ALJ noted, in the two-year period between the alleged onset date and the date of the ALJ's decision, Plaintiff visited the emergency room five times complaining of migraines secondary to his multiple sclerosis symptoms. However, the visits generally were many months apart. Each visit resulted in minimal neurological findings; the provider administered medications, after which Plaintiff's condition was improved at discharge; and, on most of the visits, no prescriptions were provided. (PageID.392–98, 422–23, 426–28.) Second, on most occasions when Plaintiff saw his

7

primary care provider, Ann Bays, N.P., about his multiple sclerosis, he denied migraines/headaches when asked or did not complain about them. (PageID.374–81, 382–83, 386–87, 389–90, 405–08, 412, 415–18.) On January 9, 2017, when Plaintiff did report experiencing a moderate headache for the last five days, he indicated that it had no effect on his activities of daily living. (PageID.364.) Finally, Plaintiff did not report migraines/headaches or limitations related to those conditions in his April 2016 Disability Report, his June 2016 Function Report, or his August 2016 Disability Report. (PageID.243, 249, 273–275.)

Plaintiff also does not identify any additional limitations that the ALJ should have included in the RFC to account for Plaintiff's migraines.[2] Plaintiff notes that Ms. Bays testified in her March 2, 2018 deposition that Plaintiff suffers from headaches and that he would miss more than two days per month. (ECF No. 10 at PageID.450.) However, Ms. Bays did not identify the symptoms that would cause Plaintiff to miss more than two days per month. (PageID.436.) Moreover, the ALJ found several inconsistencies in Ms. Bays's March 2, 2018 sworn testimony and, appropriately, gave it limited weight. (PageID.47.)

Accordingly, Plaintiff fails to demonstrate that the ALJ erred in not incorporating migraine/headache-related restrictions in his RFC finding.

---

[2] Even if the ALJ had found Plaintiff's migraines were a severe impairment, the failure to include limitations to account for that impairment would not, without more, constitute error. In *Moore v. Commissioner of Social Security*, No. 2:17-cv-144, 2018 WL 1477233 (S.D. Ohio), the ALJ found that Plaintiff's migraine headaches were a severe impairment, but did not include any limitations specifically-related to that impairment. The court rejected the plaintiff's argument that the ALJ's finding of a severe impairment was inconsistent with his RFC, noting that because the ALJ must determine a claimant's RFC based on all of the evidence in the record, "it is not necessarily inconsistent to recognize migraine as a severe impairment and to articulate a RFC that does not contain any migraine-related limitations." *Id.* at *10. *See also Morris v. Comm'r or Soc. Sec.*, No. 1:16-cv-433, 2017 WL 1159809, at *6 (W.D. Mich. Mar. 29, 2017) (rejecting the plaintiff's argument that "if the ALJ found Plaintiff's migraines to be a severe impairment, then he was required to include limitations for that impairment in the RFC").

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be **affirmed**.

## NOTICE

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within that time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: June 18, 2020         /s/ Sally J. Berens
                             SALLY J. BERENS
                             U.S. Magistrate Judge